ERNEST PERRY *vs.* DAVIS AND SARGENT LUMBER COMPANY.

Middlesex.    March 28, 1913. — June 18, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Negligence,* Employer's liability.

An employee in a lumber mill does not assume as a part of his contract of employment the risk of injury from the giving way of a board nailed to two posts at the side of a passageway in the mill adjoining an open cellar, if the open cellar was constructed and the board was nailed to the posts after his employment had begun; and if, in an action by such employee against his employer for injuries caused by his falling into the cellar when the board gave way, there is conflicting evidence as to whether the plaintiff understood the nature and extent of the danger, and there is evidence on which it can be found that the only other way by which the plaintiff could have passed was equally obstructed and unsafe, the questions, whether the plaintiff assumed the risk of the injury and whether he was in the exercise of due care, are questions of fact for the jury.

In an action by a sawyer in a lumber mill against his employer for personal injuries sustained from the giving way of a board nailed to two posts by the side of a passageway in the mill adjoining an open cellar, into which the plaintiff fell, it appeared, that, if the board was merely a warning to indicate the place where the floor ended and the cellar began, the defendant was not negligent, but that, if the board was a railing intended to afford some degree of support, it might have been found that it was insecure and insufficient for that purpose, and that, if the passageway was found to be one where the employees were

expected to pass and repass constantly, it might have been inferred that the board was a guard rail and not a mere notice. *Held,* that the question of the defendant's negligence was for the jury.

TORT by a sawyer, employed in the lumber mill of the defendant at Lowell, for personal injuries sustained on October 26, 1911, when the plaintiff in the course of his employment was passing along a passageway in the mill and was thrown into a cellar by the giving way of a railing, alleged to be unsafe and dangerous. Writ dated January 20, 1912.

In the Superior Court the case was tried before *Stevens, J.* At the close of the evidence, which is described in the opinion, the judge ordered a verdict for the defendant and reported the case for determination by this court, with a stipulation of the parties that, if the ordering of the verdict was wrong, judgment was to be entered for the plaintiff in the sum of $1,000.

*A. S. Howard,* for the plaintiff.

*F. E. Dunbar,* for the defendant.

RUGG, C. J. This is an action of tort to recover for personal injuries received by the plaintiff while in the employ of the defendant. The plaintiff rightly was going from his place of work at a saw bench to another room in the defendant's shop. Although the evidence was conflicting, it might have been found that there were two paths, one by the main aisle of the shop obstructed by a pile of boards four or five feet high, over which he would be obliged to climb, if he went that way, and the other by a passageway adjacent to a lumber cellar constructed subsequently to the beginning of the plaintiff's employment, in which was a pile of small stakes about four feet wide and a foot high extending across the passage. The plaintiff chose the latter course. As he was walking along with one hand on a board about three feet above the floor and extending between two posts, the stakes rolled under his feet and his weight bearing more heavily upon the board it gave way and he fell to the cellar receiving injuries for which he now seeks to recover.

There was evidence sufficient to warrant a finding that the plaintiff was in the exercise of due care. It might have been found that each of the ways which must be traversed in order to reach the room to which he was going was somewhat obstructed. It could not have been ruled as matter of law upon the evidence that one

was safer than the other. Nor could it have been ruled as a matter of law that the plaintiff assumed the risk. The dangerous condition including the nailing of the board was one which had arisen since his employment and hence there was no contractual assumption of it. Whether the plaintiff understood the nature and extent of the danger was a question of fact.

It is a close question whether there was evidence sufficient to support a finding of negligence on the part of the defendant. The pile of stakes was not a permanent condition and one which the plaintiff knew as much about as any one. The board which gave way was three inches wide, one inch thick and eight feet long. One end was nailed to the side of a small post facing into the room and the other end was nailed to the side of a larger post facing toward the lumber cellar, there being two nails to hold each end. It was about three feet above the floor and the nails pulled out of the posts and allowed the plaintiff to fall. If this board was merely a warning to indicate the place where the floor ended and the cellar began, the defendant was not negligent. If, however, it was a railing intended to afford some degree of support, then it might have been found to be insufficient or insecure for that purpose. We incline to the view on the whole case that whether it was a warning or a railing was a question of fact and should have been submitted to the jury. If the space adjacent to it was found to be a place where the help were expected to pass and repass constantly, it might have been reasonable to infer that this was a guard and not a mere notice.

In accordance with the terms of the report let the entry be
*Judgment for the plaintiff for $1,000.*